# U. S. District Court
# Western District of Arkansas (Harrison)
# CIVIL DOCKET FOR CASE #: 3:12−cv−03130−PKH

Stebbins v. Stebbins et al  
Assigned to: Honorable P. K. Holmes, III  
Case in other court:  8th Circuit Court of Appeals, 13−02475  
                                8th Circuit Court of Appeals, 13−02687  
                                8th Circuit Court of Appeals, 14−01632  
Cause: 42:1981 Civil Rights  

Date Filed: 10/04/2012  
Date Terminated: 07/03/2013  
Jury Demand: Plaintiff  
Nature of Suit: 440 Civil Rights: Other  
Jurisdiction: Federal Question

**Plaintiff**

**David A. Stebbins**            represented by   **David A. Stebbins**  
                                                                  123 W. Ridge, Apt. D  
                                                                  Harrison, AR 72601  
                                                                  PRO SE

V.

**Defendant**

**Rita F. Stebbins**

**Defendant**

**David D. Stebbins**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/04/2012 | 1 | | COMPLAINT against David D. Stebbins, Rita F. Stebbins, filed by David A. Stebbins.(sh) (Entered: 10/04/2012) |
| 10/04/2012 | 2 | | MOTION for Leave to Proceed in forma pauperis, MOTION for Service by David A. Stebbins. (sh) (Entered: 10/04/2012) |
| 10/04/2012 | 3 | | MOTIONS REFERRED: 2 MOTION for Leave to Proceed in forma pauperis MOTION for Service. Motions referred to Honorable James R. Marschewski.(sh) (Entered: 10/04/2012) |
| 10/10/2012 | 4 | | DEMAND for Trial by Jury by David A. Stebbins. (src) (Entered: 10/10/2012) |
| 11/13/2012 | 5 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 12−3664, in the 8th Circuit Court of Appeals by David A. Stebbins. (Attachments: # 1 USCA Letter)(jn) (Entered: 11/13/2012) |
| 11/13/2012 | 6 | | JUDGMENT/MANDATE (USCA) RE PETITION FOR WRIT OF MANDAMUS denying 5 Petition for Writ of Mandamus Notice (USCA) filed by David A. Stebbins (Attachments: # 1 USCA Judgment)(jn) (Entered: 11/13/2012) |
| 02/06/2013 | 7 | | |

| | | |
|---|---|---|
| | | REPORT AND RECOMMENDATIONS re 2 MOTION for Leave to Proceed in forma pauperis MOTION for Service filed by David A. Stebbins. Objections to RRdue by 2/25/2013. Signed by Honorable James R. Marschewski on February 6, 2013. (sh) (Entered: 02/06/2013) |
| 02/21/2013 | 8 | OBJECTION to 7 Report and Recommendations by David A. Stebbins. (src) (Entered: 02/21/2013) |
| 07/02/2013 | 9 | MOTION to Disqualify Judge filed by David A. Stebbins,(sh) Modified to add text on 7/2/2013 (sh). (Entered: 07/02/2013) |
| 07/03/2013 | 10 | ORDER adopting Report and Recommendations 7 with modifications; denying 9 Motion to Disqualify Judge, and denying 2 Motion for Leave to Proceed in forma pauperis, Civil Case Dismissed WITH prejudice; FURTHER plaintiff is limited to filing one case in the federal courts for the Western District of Arkansas, per every three calendar months AS SET FORTH; FURTHER Plaintiff is enjoined from filing any lawsuits in federal court in this District, the Western District of Arkansas unless he posts a $100.00 refundable bond with the clerk of court AS SET FORTH. Signed by Honorable P. K. Holmes, III on July 3, 2013. (sh) Modified to add text on 7/3/2013 (sh). (Entered: 07/03/2013) |
| 07/16/2013 | 11 | MOTION for amendment to 10 Order on Report and Recommendations, Order on Motion to Disqualify Judge, Order on Motion for Leave to Proceed in forma pauperis, Order on Motion for Service. by David A. Stebbins. (lw) (Entered: 07/16/2013) |
| 07/16/2013 | 12 | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 13−2475, in the 8th Circuit Court of Appeals by David A. Stebbins. (jn) (Entered: 07/16/2013) |
| 07/16/2013 | 13 | NOTICE OF APPEAL as to 10 Order on Report and Recommendations, Order on Motion to Disqualify Judge, Order on Motion for Leave to Proceed in forma pauperis, Order on Motion for Service, Order Adopting Report and Recommendations by David A. Stebbins. (cc via U.S. Postal Service: David A. Stebbins ) (jn) (Entered: 07/16/2013) |
| 07/16/2013 | 14 | MOTION for Leave to Appeal in forma pauperis by David A. Stebbins. (jn) (Entered: 07/16/2013) |
| 07/16/2013 | | MOTIONS REFERRED: 14 MOTION for Leave to Appeal in forma pauperis. Motions referred to Honorable James R. Marschewski.(jn) (Entered: 07/16/2013) |
| 07/16/2013 | 15 | APPEAL NOTICE to Counsel and Pro Se Parties re 13 Notice of Appeal, filed by David A. Stebbins. (jn) (Entered: 07/16/2013) |
| 07/25/2013 | 16 | ORDER granting 14 Motion for Leave to Appeal in forma pauperis.. Signed by Honorable James R. Marschewski on July 25, 2013. (lw) (Entered: 07/25/2013) |
| 07/25/2013 | 17 | NOA SUPPLEMENT FORM re 13 Notice of Appeal, filed by David A. Stebbins. (jn) (Entered: 07/25/2013) |
| 07/29/2013 | | TEXT ONLY ENTRY: USCA Case Number 13−2475, 8th Circuit Court of Appeals for 12 Petition for Writ of Mandamus Notice (USCA) filed by David |

| | | | |
|---|---|---|---|
| | | | A. Stebbins. (jn) (Entered: 07/29/2013) |
| 08/01/2013 | 18 | | MANDATE of USCA as to 12 Petition for Writ of Mandamus Notice (USCA) filed by David A. Stebbins has been considered and by the Court and is denied. (Attachments: # 1 USCA Judgment)(lw) (Entered: 08/01/2013) |
| 08/01/2013 | | | TEXT ONLY ENTRY FOR ECF PURPOSES*** JUDGMENT/MANDATE (USCA) RE PETITION FOR WRIT OF MANDAMUS denying 12 Petition for Writ of Mandamus Notice (USCA) filed by David A. Stebbins (jn) (Entered: 11/06/2013) |
| 08/02/2013 | 19 | | USCA Case Number 13–2687, 8th Circuit Court of Appeals for 13 Notice of Appeal, filed by David A. Stebbins. (Attachments: # 1 USCA Cover Letter)(mfr) (Entered: 08/02/2013) |
| 11/25/2013 | 20 | 5 | ORDER granting in part and denying in part 11 Motion for amendment of the court's prior Order 11 as set forth; further an Amended Order will be entered consistent with this opinion. Signed by Honorable P. K. Holmes, III on November 25, 2013. (rw) (Entered: 11/25/2013) |
| 11/26/2013 | 21 | 8 | AMENDED ORDER re 20 Order on Motion for Miscellaneous Relief as set forth. Signed by Honorable P. K. Holmes, III on November 26, 2013. (sh) (Entered: 11/26/2013) |
| 12/04/2013 | 22 | | MANDATE of USCA dismissing 13 Notice of Appeal, filed by David A. Stebbins (Attachments: # 1 USCA Opinion, # 2 USCA Judgment, # 3 USCA Letter)(jn) (Entered: 12/04/2013) |
| 12/19/2013 | 23 | 15 | NOTICE OF APPEAL as to 21 Order, 20 Order on Motion for Miscellaneous Relief, by David A. Stebbins. (cc via U.S. Postal Service: David A. Stebbins ) (jn) (Entered: 12/19/2013) |
| 12/19/2013 | 24 | | MOTION for Leave to Appeal in forma pauperis by David A. Stebbins. (jn) (Entered: 12/19/2013) |
| 12/19/2013 | | | MOTIONS REFERRED: 24 MOTION for Leave to Appeal in forma pauperis. Motions referred to Honorable James R. Marschewski.(jn) Modified on 12/20/2013 to regenerate NEF to send notice to Honorable James R. Marschewski (lw). (Entered: 12/19/2013) |
| 12/19/2013 | 25 | | APPEAL NOTICE to Counsel and Pro Se Parties re 23 Notice of Appeal filed by David A. Stebbins. (jn) (Entered: 12/19/2013) |
| 03/20/2014 | 26 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 14–1632, in the 8th Circuit Court of Appeals by David A. Stebbins. for 23 Notice of Appeal filed by David A. Stebbins. (jn) (Entered: 03/20/2014) |
| 03/21/2014 | 27 | | ORDER re 24 MOTION for Leave to Appeal in forma pauperis filed by David A. Stebbins. Directing the Clerk to send Plaintiff the proper IFP form. Plaintiff is given until 4/9/14 to submit the completed form. Signed by Honorable James R. Marschewski on March 21, 2014. (jn) (Entered: 03/21/2014) |
| 03/25/2014 | 28 | | MOTION for Leave to Appeal in forma pauperis by David A. Stebbins. (src) (Entered: 03/25/2014) |
| 03/25/2014 | | | |

| | | | |
|---|---|---|---|
| | | | MOTIONS REFERRED: 28 MOTION for Leave to Appeal in forma pauperis. Motions referred to Honorable James R. Marschewski.(src) (Entered: 03/25/2014) |
| 03/26/2014 | 29 | | ORDER DIRECTING that a Completed IFP be filed. Completed IFP due by 4/15/2014. The Clerk is directed to place a restricted filer flag on this case. Signed by Honorable James R. Marschewski on March 26, 2014. (src) (Entered: 03/26/2014) |
| 04/02/2014 | 30 | | MOTION for Leave to Appeal in forma pauperis by David A. Stebbins. (jn) (Entered: 04/02/2014) |
| 04/02/2014 | | | MOTIONS REFERRED: 30 MOTION for Leave to Appeal in forma pauperis. Motions referred to Honorable James R. Marschewski.(jn) (Entered: 04/02/2014) |
| 04/03/2014 | 31 | 16 | ORDER granting 24 28 30 Motions for Leave to Appeal in forma pauperis. Signed by Honorable James R. Marschewski on April 3, 2014. (src) (Entered: 04/03/2014) |
| 04/07/2014 | 32 | 17 | NOA SUPPLEMENT FORM re 23 Notice of Appeal filed by David A. Stebbins. (jn) (Entered: 04/07/2014) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                                      PLAINTIFF

v.                                            Case No. 3:12-CV-03130

RITA F. STEBBINS, and DAVID D. STEBBINS                                          DEFENDANTS

**O R D E R**

Currently before the Court is Plaintiff David A. Stebbins's motion (Doc. 11) for amendment of the Court's prior order (Doc. 10) imposing certain restrictions on Mr. Stebbins's future ability to file lawsuits in this District.  Mr. Stebbins requests that the Court consider him to be represented by counsel if he produces proof that an attorney licensed to practice in Arkansas has advised him that he has a colorable and nonfrivolous cause of action.  Mr. Stebbins also asks that the condition requiring payment of a refundable bond be amended to require a bond of $50 instead of $100.

On the same day that Mr. Stebbins filed the instant motion, he also filed appeals in several cases, which challenged, at least in part, the conditions imposed by the Court.  The Court was hesitant to assume that it could still exercise jurisdiction over the instant motion and, out of caution, waited to receive guidance from the Eighth Circuit.  The Eighth Circuit has now issued an opinion[1] construing Mr. Stebbins's motion as a motion for postjudgment relief under Rule 59(e) of the Federal Rules of Civil Procedure, which means that this Court does have jurisdiction to consider the motion even while the various appeals are pending.

---

[1] While the opinion has not yet been filed on the docket in this case, the per curiam opinion and judgment were filed in the Eighth Circuit, case number 13-2687, on November 12, 2013.  The Court sees no reason to further delay its ruling on Mr. Stebbins's pending motion due to any procedural or administrative delay inherent in the filing of the opinion and judgment in this Court.

-1-

Having reviewed Mr. Stebbins's motion, the Court finds that the motion should be granted in part. Based on the additional financial information provided by Mr. Stebbins, the Court will reduce the required refundable bond to $50.

The motion will be denied, however, as to Mr. Stebbins's request that he be considered to be represented by counsel if he produces proof that an attorney licensed to practice in Arkansas has advised him that he has a colorable and nonfrivolous cause of action. An email indicating that an attorney responded affirmatively to Mr. Stebbins's emailed inquiry as to whether he might "have a snowball's chance in hell" on a briefly summarized claim (*see* Doc. 11, p. 5), is not in any way similar to actually having an attorney represent Mr. Stebbins in a given action. Furthermore, the exception allowing Mr. Stebbins to file a lawsuit if represented by counsel is not based solely on the fact that it would be an indication that the lawsuit was filed in good faith. Rather, if Mr. Stebbins were represented by counsel, it would be a continuing assurance to the Court that filings made throughout the entire course of the litigation would have a good-faith basis, or the attorney would risk disciplinary action. It would likewise safeguard against filings and communications during the litigation that do not comport with the Court's expectations of decorum and civility. (*See, e.g.,* Case no. 12-cv-03022, Doc. 92, in which Mr. Stebbins put the following statement in very large font setting, in bold, underlined, and all capital letters: "NOT THE MOTHER-F***ING JUDGE!!!!").

For the above-stated reasons, IT IS ORDERED that Mr. Stebbins's motion (Doc. 11) to amend order is GRANTED IN PART and DENIED IN PART. An amended order will be entered consistent with this opinion.

IT IS SO ORDERED this 25th day of November, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                                          PLAINTIFF

v.                                          Case No. 3:12-CV-03130

RITA F. STEBBINS, and DAVID D. STEBBINS                                            DEFENDANTS

### AMENDED ORDER

Currently before the Court is the Report and Recommendations (Doc. 7) filed by Chief United States Magistrate Judge James Marschewski on February 6, 2013. Also before the Court are Plaintiff David Stebbins's timely-filed objections (Doc. 8).

The Magistrate recommends denying Mr. Stebbins's motion to proceed *in forma pauperis* and directing the Clerk not to accept future filings from Mr. Stebbins unless he pays the filing fee. Mr. Stebbins objects to the Magistrate's Report and Recommendations, arguing that Judge Marschewski erred in only considering his litigation history in recommending that Mr. Stebbins be denied *in forma pauperis* status. Mr. Stebbins argues that frivolity of a case should be determined based on each individual filing. The Court has conducted a *de novo* review concerning Mr. Stebbins's objections. 28 U.S.C. § 636(b)(1).

Mr. Stebbins undoubtedly has a right to access to the courts. However, his right of access, especially a right of free access, cannot be unlimited in the face of abuse. As the Eighth Circuit has stated:

> The Court has authority to control and manage matters pending before it . . . . [W]e must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.

-1-

> The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources . . . . [A]busive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.
>
> Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.

*In re Tyler*, 839 F.2d 1290, 1292-93 (8th Cir. 1988) (quoting *People of the State of Colorado v. Carter*, 678 F. Supp. 1484, 1486 (D. Colo. 1986)) (internal citations omitted).

Mr. Stebbins argues that a majority of the cases he has filed in this District have not been found to be frivolous upon initial review. This does not mean, however, that in the cases where Mr. Stebbins was granted *in forma pauperis* status, his claims were not frivolous.[1] The fact that Mr. Stebbins has previously been given leave to proceed *in forma pauperis* in certain cases merely means that his claims in those cases were not patently frivolous based on an evaluation of Mr. Stebbins's complaint alone and giving Mr. Stebbins every benefit of the doubt. The fact remains that Mr. Stebbins has not succeeded on the merits in any of the numerous cases he has filed in this District. Whether or not Mr. Stebbins made his filings based on his own good faith belief in their merits does not change the fact that he has a history of filing ultimately meritless cases upon which the Court has been forced to expend countless hours of time and judicial resources. Not only has Mr. Stebbins filed numerous cases, but he has also filed over one hundred motions within those cases, some of

---

[1] As in *Tyler*, Mr. Stebbins's extensive experience in filing lawsuits has equipped him with some knowledge of the law, and his skills in drafting are often sufficient to at least raise a question as to factual matters alleged that could constitute a claim, thereby preventing dismissal of the complaint as frivolous upon initial review. *Tyler*, 839 F.2d 1290, 1293.

which have been repetitive, and few of which have had any merit. Regardless of Mr. Stebbins's alleged good-faith intent in filing his various lawsuits, the fact remains that he has abused the system by continuing to file unmeritorious claims and motions. Mr. Stebbins's "history of unsubstantial and vexatious litigation is an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d)." *Maxberry v. Sec. and Exchange Comm.*, 879 F.2d 222, 224 (6th Cir. 1989).

Mr. Stebbins argues that the frivolity of each individual case must be considered before it can be dismissed as frivolous—that the Court cannot rely solely on Mr. Stebbins's history of abusive or frivolous filings in denying him *in forma pauperis* status. The Court disagrees. As the Eighth Circuit and other courts have stated, the Court has a responsibility to manage matters pending before it to safeguard the judicial system from abuses and to protect defendants from harassing litigation. The Court will nevertheless conduct an initial review of the merits of the instant matter, since courts generally have enjoined litigants from future action, and not contemporaneously with a particular filing.[2]

The Court finds, upon initial review of Mr. Stebbins's complaint, that Mr. Stebbins's claims should be dismissed as frivolous upon initial review. 28 U.S.C. § 1915(e)(2). Mr. Stebbins complains that Defendants—"who are, biologically, [his] parents"—listed Mr. Stebbins on their tax returns for the past four years despite the fact that they were not paying his living expenses at all or not for a majority of the year. Mr. Stebbins surmises that his parents' actions might constitute

---

[2] The Court does not believe, given Mr. Stebbins's litigation history and given that he had an opportunity to respond to the Report and Recommendations of the magistrate judge, that denying *in forma pauperis* status in the instant case based on his past abuses would necessarily be contrary to law. However, for the sake of argument, the Court entertains Mr. Stebbins's objection as to this point.

identity theft, but he is unsure. He invokes the jurisdiction of this Court based on the fact that his parents were filing federal tax returns. He then asks for compensatory damages in an amount representing his living expenses during the years he was claimed as a dependent, plus punitive damages.

First, the Court does not agree that Mr. Stebbins has a cognizable claim for "identity theft" based on his biological parents claiming him on their tax return. Second, Mr. Stebbins does not cite to any statute or precedent for the propositions that mere use of a federal tax form can (a) give rise to a private civil cause of action against someone who improperly claims a tax credit and/or (b) can confer a federal court with jurisdiction. Mr. Stebbins lists his parents' address as being in Harrison, Arkansas, so diversity jurisdiction cannot otherwise be exercised. Furthermore, taking Mr. Stebbins's allegations as true, it does not appear that Mr. Stebbins would have any claim for damages against his parents. If his parents improperly claimed a tax credit, it would be the federal government that was damaged by Mr. Stebbins's parents' underpayment of their taxes or the IRS's overpayment of Mr. Stebbins's parents' tax return. The fact that a person may claim a dependent on their federal tax return does not make them indebted to the claimed dependent for the claimed dependent's calculation of 51% of the dependent's living expenses for that tax year. Mr. Stebbins's complaint is therefore subject to dismissal for both for lack of jurisdiction and for failure to state a claim.

Because it is not always possible to tell, indisputably, upon initial review of Mr. Stebbins's complaints whether he might have a valid claim, the possibility of dismissal upon initial review is insufficient to curb his abuse of the judicial system. *See Tyler*, 839 F.2d at 1294. Although Mr. Stebbins financially qualifies for *in forma pauperis* status, he does receive a monthly disability

payment of $628.20 per month plus $79 per month in food stamps. His monthly income (not including the food stamps) exceeds his stated monthly expenses (totaling $458.70) by $169.50. It appears that, while a $400.00 filing fee would effectively prevent Mr. Stebbins from filing a case in federal court, Mr. Stebbins does have the ability to pay a refundable bond in order to file a complaint in this District. Mr. Stebbins may also be properly limited in the number of cases he may file in a given time period. *Tyler*, 839 F.2d at 1294 (limiting indigent prisoner plaintiff to filing one case per month).

For the reasons set forth above, and having conducted a *de novo* review in regard to Mr. Stebbins's objections to the Report and Recommendations, the Court hereby ADOPTS the Report and Recommendation (Doc. 7), with certain modifications in accordance with this Order.

**IT IS ORDERED** that Mr. Stebbins's motion for leave to proceed *in forma pauperis* (Doc. 2) is DENIED.

**IT IS FURTHER ORDERED** that Mr. Stebbins's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted and, additionally and alternatively, for lack of jurisdiction.

**IT IS FURTHER ORDERED** that <u>Mr. Stebbins is limited to filing one case in the federal courts for the Western District of Arkansas per every three calendar months</u>. All claims in any case should be properly joined or the case may be subject to dismissal. This condition is effective immediately. As Mr. Stebbins recently filed a new case in this Court on July 2, 2013, he is enjoined, pursuant to this condition, from filing another case until October 1, 2013.[3]

---

[3] This, or any other condition placed herein by the Court, does not limit Mr. Stebbins's ability to file a claim, alleging in clear, specific language that he has been, or is about to be subjected to immediate, extraordinary, and irreparable physical harm, such allegations being supported by an

**IT IS FURTHER ORDERED** that <u>Mr. Stebbins is enjoined from filing any lawsuit in federal court in this District, the Western District of Arkansas, unless he:</u>

1. <u>Posts a $50 refundable bond with the Clerk of Court</u>. The bond will be held by the Clerk of Court. If Mr. Stebbins's complaint passes an initial prescreening review under 28 U.S.C. § 1915, and Mr. Stebbins litigates the case in accordance with Federal Rule of Civil Procedure 11, and particularly Rule 11(b), the bond will be returned to him at the conclusion of his case. If Mr. Stebbins's case is found to be subject to dismissal upon initial review and/or Mr. Stebbins fails to behave in accordance with Rule 11, the $50.00 bond will be forfeited to the Court as partial payment of the filing fee;

2. <u>Attaches a copy of this Order to his Complaint</u>; and

3. <u>Attaches an affirmation, signed by Mr. Stebbins, of the date of his most recent prior filing of a new case in this District</u>.

The Clerk is directed to return any complaint from Mr. Stebbins that is not filed in compliance with this Order.

Nothing in this Order will prohibit Mr. Stebbins from proceeding as a proponent in any civil claim in this District with the representation of an attorney licensed to practice in the State of Arkansas and admitted to practice in this District. Nothing in this Order will prohibit Mr. Stebbins from defending himself in any criminal or civil litigation brought against him in this District.

Further, Mr. Stebbins is advised not to yell at court staff or use abusive language in any

---

accompanying affidavit setting forth clearly and specifically the facts giving rise to the complaint and any documentation of such facts that might exist.

written or oral communication with the Court or fellow litigants.  Mr. Stebbins will be expected to behave with the decorum expected of all litigants who appear before, or file pleadings with, this Court.  Failure to behave in a proper manner may result in sanctions being imposed on Mr. Stebbins or further restrictions or conditions placed on his ability to make filings or informal communications with the Court.

The Court has also considered Mr. Stebbins's Motion to Disqualify Judge Marschewski, and possibly Judge Holmes, and finds that the motion should be denied.  Mr. Stebbins argues that Magistrate Judge Marschewski has demonstrated an animus against him by entering the Report and Recommendations in this case and by recommending that Mr. Stebbins not be granted leave to proceed *in forma pauperis*.  The Court cannot find that the Report and Recommendations are evidence of an animus held by Judge Marschewski against Mr. Stebbins.  Rather, they are Judge Marschewski's recommendations to this Court based on his review of the applicable law.  The findings and recommendations have now been largely adopted by the Court.  The fact that Mr. Stebbins disagrees with or does not like Judge Marschewski's recommendations, or this Court's findings, does not create grounds for disqualification.  Mr. Stebbins filed objections to the Report and Recommendations, which were duly considered by the Court.

**IT IS THEREFORE FURTHER ORDERED** that Mr. Stebbins's Motion to Disqualify (Doc. 9) is DENIED.

IT IS SO ORDERED, as amended, this 26th day of November, 2013.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 19 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                                 PLAINTIFF

VS.                             CASE NO. 12-3130

DAVID D. STEBBINS AND RITA F. STEBBINS                            DEFENDANT

### RENEWED NOTICE OF APPEAL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following renewed Notice of Appeal in the above-styled action.

On November 25, 2013, this Court entered an order granting in part Plaintiff's Motion to Amend Judgment. However, the portion upon which Plaintiff offered to partially dismiss his appeal (allowing unhindered court access if he obtained the *endorsement* of an attorney) was denied. Therefore, Plaintiff has retained his appellate status.

Besides, there was one portion of the appeal that Plaintiff never offered to dismiss in the first place: The dismissal on the merits, where Judge Holmes frivolously and maliciously held that Plaintiff does not have the right to direct or receive compensation for the use of his name and physical likeness (namely, his social security number).. Since this ruling is frivolous and contrary to centuries of clearly established law, it needs to be overturned.

It is so notified on this 18th day of December, 2013.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                        PLAINTIFF

    v.                                        CIVIL NO. 12-3130

RITA F. STEBBINS; and
DAVID D. STEBBINS                                                                    DEFENDANTS

## ORDER

Plaintiff has submitted a motion for leave to proceed *in forma pauperis* ("IFP")(Docs. 24, 28, & 30). The motion (Docs. 24, 28, & 30) is granted.

IT IS SO ORDERED this 3rd day of April 2014.

/s/ *J. Marschewski*
  HON. JAMES R. MARSCHEWSKI
  CHIEF UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**

# U.S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet or attach an amended docket sheet with the final style of the case.

Western District of Arkansas  -   HARRISON  DIVISION

## 12-3130   DAVID A. STEBBINS  vs.  RITA F. STEBBINS et al.

Length of Trial:          **NONE**

Financial Status:    Fee Paid?                                              Yes        No **XX**

        If NO, has IFP been granted?                    Yes **XX**      No

        Is there a pending motion for IFP?              Yes        No

Are there any other post-judgment motions?               Yes        No **XX**

Please identify the court reporter.

    If no court reporter, please check  **XXXXX**

    Name
    Address

Telephone Number

**CRIMINAL CASES ONLY:**
    Is the defendant incarcerated?                              Yes   No
Place of confinement, if known:

Please list all other defendants in this case, if there were multiple defendants.

SPECIAL COMMENTS: